# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PRESTON L. JACKSON, III ,**

**Plaintiff,**

**v. Case No: 6:16-cv-753-Orl-40KRS**

**MATTHEW BOOTH, UNKNOWN OFFICER and JENNIFER MITCHELL,**

**Defendants.**

---

## REPORT AND RECOMMENDATION
(And Direction to the Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **May 5, 2016** |

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 7)** |
| **FILED:** | **May 26, 2016** |

## I. BACKGROUND.

On May 2, 2016, Plaintiff Preston L. Jackson, III filed a complaint against Defendants Daytona Beach Police Department, Officer Matthew Booth, an unknown officer, and Jennifer Mitchell, in her official capacity as a Halifax Hospital emergency room nurse. Doc. No. 1. Plaintiff asserted excessive force claims under 42 U.S.C. § 1983 against each defendant. *Id.* With

his complaint, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which I construed as a motion to proceed *in forma pauperis*. Doc. No. 2.

On May 19, 2016, I issued a report and recommendation, in which I recommended that the Court dismiss Plaintiff's claims against the Daytona Beach Police Department with prejudice, dismiss the claims against the remaining defendants without prejudice, terminate the pending *in forma pauperis* motion, and grant Plaintiff leave to file an amended complaint. Doc. No. 5. Before the Court issued an order on that report and recommendation, Plaintiff filed an amended complaint, in which he dropped his claim against the Daytona Beach Police Department. Doc. No. 6. In light of the amended pleading, the Clerk of Court is **DIRECTED** to **TERMINATE** my prior report and recommendation (Doc. No. 5).

On the same day that he filed his amended complaint, Plaintiff also filed a second Application to Proceed in District Court without Prepaying Fees or Costs, which I construe as an amended motion to proceed *in forma pauperis*. Doc. No. 7. Plaintiff's motion to proceed *in forma pauperis* and amended motion to proceed *in forma pauperis* have been referred to me for issuance of this Report and Recommendation, and those matters are now ripe for review.

## II. FACTUAL ALLEGATIONS.

On April 4, 2012, Plaintiff was approached by Officer Booth of the Daytona Beach Police Department while walking on a public road. Doc. No. 6, at 1. Officer Booth then handcuffed Plaintiff for no reason and threw him "maliciously" to the pavement. *Id.* Plaintiff heard a snapping sound and was unable to move. *Id.* He suffered a broken leg and hip. *Id.*

An unknown officer then began to assist Officer Booth. *Id.* Even though Officer Booth informed the unknown officer that Plaintiff could not move, that officer said he did not care, and he dragged, yanked, and pulled Plaintiff. *Id.* at 1–2. After Plaintiff screamed and called for help with

other people watching, the officer stopped. *Id.* at 2. An ambulance arrived, and the officers were informed that Plaintiff required hospitalization. *Id.* The unknown officer accompanied Plaintiff in the ambulance, "degrading [him and] telling [him] to get out of the ambulance." *Id.*

At Halifax Hospital, the unknown officer and Jennifer Mitchell, an emergency room nurse, took Plaintiff to a secluded room. *Id.* The unknown officer uncuffed Plaintiff and told him to leave the hospital. *Id.* Mitchell also attempted to make Plaintiff stand up and leave the hospital. *Id.* Plaintiff was handcuffed, uncuffed, and told to leave the hospital for a few hours. *Id.* The unknown officer and Mitchell laughed and "continued to degrade" Plaintiff when he asked for an x-ray and to see someone. *Id.* Plaintiff's pleas for care were ignored. *Id.*

After three hours, the unknown officer uncuffed Plaintiff and left. *Id.* at 2–3. Mitchell, however, continued her "verb[al] abuse." *Id.* at 3. Ultimately, a doctor arrived, asked why Plaintiff had not been brought for an x-ray, ordered x-rays, and had Plaintiff sign papers for emergency surgery. *Id.* Halifax Hospital ultimately apologized to Plaintiff and informed him that Mitchell had been terminated. *Id.*

## III. ANALYTICAL STANDARD.

Federal courts may allow an individual to proceed *in forma pauperis* if he "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Under that statute, a court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A cause of action is frivolous if it is "without arguable merit." *Sun v. Forrester,* 939

F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

While a *pro se* pleading should be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570.

**IV. DISCUSSION.**

*A. Federal Claims.*

In his amended complaint, Plaintiff does not specifically identify the grounds upon which he contends the Court may exercise subject matter jurisdiction in this case. Nevertheless, because Plaintiff asserted a claim under 42 U.S.C. § 1983 excessive-force claim in his original complaint

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

and references excessive force again in his amended complaint, I will construe Plaintiff's complaint liberally to assert § 1983 claims against Defendants.

However, as noted in my previous report and recommendation, Plaintiff's allegations affirmatively establish that such claims are barred by the applicable statute of limitations. "[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Here, while Plaintiff alleges that the complained-of conduct occurred on April 4, 2012, *see* Doc. No. 6, at 1, he did not file his complaint until May 2, 2016. "Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous." *Fish v. GEICO Ins.*, 606 F. App'x 576, 576 (11th Cir. 2015) (per curiam); *accord Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003). Because Plaintiff did not timely file this action within the applicable four-year window, his § 1983 claims are time-barred.

In my prior report and recommendation, I observed that Plaintiff's complaint offered no reason to believe that the statute of limitations should be tolled in this case. Doc. No. 5, at 5. I also noted that Plaintiff's filing of a previous action concerning the underlying incident, *Jackson v. Office of the State Attorney*, 6:13-cv-1449-CEH-GJK (M.D. Fla. Sept. 19, 2013), did not, in and of itself justify tolling of the limitations period. Doc. No. 5, at 5 n.2. Nevertheless, based on Eleventh Circuit authority indicating that a plaintiff should be afforded an opportunity to plead facts supporting tolling, *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003), I recommended that the Court provide Plaintiff an opportunity to amend his complaint.

Despite the foregoing, Plaintiff has failed to plead any facts in his amended complaint showing that tolling is warranted. He states only that he previously filed an action that was

dismissed without prejudice, that he is not an attorney, and that he has been learning since filing his original action. Doc. No. 6, at 3. As noted above, his previously-filed action is not an adequate basis for tolling. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."); *see also Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993) (same). The Eleventh Circuit has also "rejected arguments that *pro se* status or ignorance of the law justifies tolling." *Harris v. United States*, 627 F. App'x 877, 880 (11th Cir. 2015) (per curiam) (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997)). Accordingly, the Court should dismiss Plaintiff's § 1983 claims.

*B. Possible State Claims.*

Although he does not specifically delineate it as a separate claim, Plaintiff makes passing reference in his complaint to Mitchell's "negligence." Doc. No. 6, at 4. Even assuming this statement was intended to assert a state-law negligence claim, a district court may decline to exercise supplemental jurisdiction over a state law claim if that court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In the previous section, I discussed why Plaintiff's potential federal claims should be dismissed. Moreover, Plaintiff has suggested no independent basis for jurisdiction over his state law claim. Consequently, I recommend that the Court decline to exercise jurisdiction over his state law negligence claim.

*C. Leave to Amend.*

Ordinarily, a *pro se* litigant should be given one opportunity to file an amended complaint if it appears that he might be able to state a claim within this Court's subject-matter jurisdiction. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in other respects by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). However, in this case,

Plaintiff has already amended his complaint once. He did so after I issued a Report and Recommendation explaining, *inter alia*, that his claims were barred by the applicable four-year statute of limitations. Doc. No. 5. Nevertheless, Plaintiff's amended claims still present statute of limitations issues,[2] and Plaintiff has again failed to suggest any valid basis for tolling. As a result, I recommend that Plaintiff not be given leave to file a second amended complaint.

**V. RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS with prejudice** Plaintiff's § 1983 claims;
2. **DISMISS without prejudice** Plaintiff's state law negligence claim;
3. **TERMINATE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), Plaintiff's amended Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 7); and
4. **DIRECT** the Clerk of Court to close the file.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

[2] Plaintiff's state law negligence claim, which is based on the same acts underlying his § 1983 claims, is similarly barred by Florida's four-year statute of limitations for negligence actions. *See Lehman Bros. Holdings v. Phillips*, 569 F. App'x 814, 816 (11th Cir. 2014) (per curiam); *see also* Fla. Stat. § 95.11(3)(a).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 6, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE